508 So.2d 496 (1987)
Jack and Yolande JOSEPH, Appellants,
v.
NORMAN LaPORTE REALTY, INC., Annie Montgomery, Equitable Relocation Management Corp., Sally Dysart, Inc., Richard J. Barrett and Marilyn Barrett, His Wife, and Edward Montgomery, Appellees.
No. 86-2113.
District Court of Appeal of Florida, Third District.
June 9, 1987.
Ira F. Gropper, Hollywood, for appellants.
Paul R. Lipton, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Jack and Yolande Joseph from a final order dismissing their complaint against the defendant Edward Montgomery in an action sounding in fraud and misrepresentation involving multiple defendants. We reverse based on the following briefly stated legal analysis.
The action arises from the plaintiffs' purchase of a home with an allegedly defective *497 swimming pool. It is alleged that the defendant Edward Montgomery, with requisite fraudulent intent, made certain factual misrepresentations concerning the condition of the subject swimming pool to an independent pool inspection company which had been hired by the plaintiff to inspect the pool. The defendant Edward Montgomery was hired, in turn, by the salesperson of the seller's real estate broker to advise and, allegedly, to defraud the plaintiffs on the condition of the pool. The plaintiffs, it is alleged, relied to their detriment on these misrepresentations and purchased the home based, in part, on such misrepresentations.
All the elements of actionable fraud or misrepresentation, in our view, are alleged in this complaint against the defendant Edward Montgomery. The fact that Montgomery's alleged fraudulent misrepresentations were made to the plaintiffs' agent  a pool inspection company  cannot, as urged, negate the element of reliance as (a) the pool inspection company allegedly relied on these misrepresentations, (b) the plaintiffs relied on the pool company's report, and (c) the plaintiffs therefore relied through their agent on Montgomery's alleged misrepresentations. See Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985); Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980); Gold v. Perry, 456 So.2d 1197, 1200-01 (Fla. 4th DCA 1984).
We have not overlooked the defendant's contrary arguments, but find them unpersuasive. The final order of dismissal under review is therefore reversed, and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.